**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

JOHN FAIRLESS, JR.

Plaintiff *
*
VS. *
* NO: 2:09CV02065 SWW
CJH, LLC; UNION PACIFIC *
COMPANY; and BURLINGTON *
NORTHERN SANTA FE *
CORPORATION *
*
Defendants

**ORDER**

John Fairless, Jr. ("Fairless") brings this diversity suit against CJH, LLC ("CJH"), Union Pacific Railroad Company ("UPRC"), and Burlington Northern Santa Fe Corporation ("BNSF"), seeking compensation for railroad maintenance services he provided. Before the Court are (1) CJH's motion to dismiss for lack of personal jurisdiction or for transfer[1] (docket entries #20, #21) and Fairless's response in opposition (docket entries #31, #32); (2) BNSF's motion to dismiss for failure to state a claim (docket entries #22, #23) and Fairless's response in opposition (docket entries #33, #34); and (3) UPRC's motion to dismiss for failure to state a claim (docket entries #25, #26, #39) and Fairless's response in opposition (docket entries #35, #36). After careful consideration, and for reasons that follow, CJH's motion to dismiss for lack of personal jurisdiction or for transfer will be denied, and the motions to dismiss by UPRC and BNSF will be granted.

---

[1] Defendant UPRC joins CJH's motion for transfer. *See* docket entry #41.

## I.  Background

Unless otherwise stated, the following facts are taken from the complaint.  Defendant CJH is Georgia limited liability company that provides right-of-way maintenance for railroad companies.  Fairless, an Arkansas resident, operates a construction company that specializes in railroad-related work.  Beginning in March 2008, CJH hired Fairless as a subcontractor to perform railroad maintenance on an on-going and as-needed basis on property owned by BNSF and  UPRC.  CJH, acting as a contractor, was responsible for billing UPRC and BNSF, and Fairless and CJH divided payments in accordance with a fee-splitting agreement.

By affidavit, Fairless avers that sometime prior to August 2008, CJH representatives informed him that CJH would submit a bid to UPRC for work in Livonia, Louisiana and North Little Rock, Arkansas.  Fairless reports that he assisted in preparing the bid, and he granted CJH's request to include evidence of his Arkansas-issued insurance policies in support of the bid. According to Fairless, Joseph Hart, the manager of CJH, assisted in negotiating the aforementioned insurance policies, but he did not pay the premiums.

UPRC awarded the Livonia/North Little Rock contract to CJH, and on August 28, 2008, CJH and Fairless entered an exclusivity agreement, whereby Fairless received the exclusive right to provide labor and equipment under the contract.  According to Fairless, CJH violated the exclusivity agreement by performing work independently or through other subcontractors, failing to pay him for work he performed, and terminating the agreement without notice. Additionally, Fairless claims that CJH failed to pay him for work unrelated to the exclusivity agreement,  prevented him from retrieving his equipment from job sites, and damaged his truck. Fairless sues CJH for (1) breach of the aforementioned exclusivity agreement, (2) breach of

multiple oral agreements, (3) unjust enrichment, and (4) conversion. Fairless sues UPRC and BNSF for unjust enrichment.

**II. CJH's Motion to Dismiss for Lack of Personal Jurisdiction**

A federal court sitting in a diversity action may assume jurisdiction over a nonresident defendant to the extent permitted by the long arm statute of the forum state. Arkansas's long-arm statute permits the assertion of jurisdiction to the fullest extent allowed by the Fourteenth Amendment's Due Process Clause, which permits the exercise of personal jurisdiction over a nonresident defendant that has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)(quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

The Supreme Court has identified two types of personal jurisdiction: general and specific. General personal jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S.Ct. 1868 (1984). Specific personal jurisdiction, in contrast, exists only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Id.* at 414, 104 S.Ct. 1868.

Five factors should be considered when determining the sufficiency of a defendant's contacts with the forum state: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest in the forum state in providing a forum for its residents; and (5) the

convenience of the parties. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d. 519, 522-23 (8th Cir. 1996). The first three factors are closely related and are of primary importance, while the last two are secondary. *See id.* at 523. Additionally, for obvious reasons, the third factor is relevant only to specific jurisdiction inquiries.

In support of its motion, CJH asserts that it has never transacted business or maintained an office in the state of Arkansas, and all transactions and activities alleged in the complaint occurred in Louisiana or Illinois. Fairless maintains that CJH purposefully availed itself of the laws of Arkansas by (1) initiating contact with him regarding subcontracting work; (2) entering contracts for work to be performed in Arkansas; (3) performing work in Arkansas; (4) benefitting from Arkansas-issued insurance policies; and (5) financially benefitting from subcontracting work performed by Fairless in Arkansas..

The first factor for consideration, the nature and quality of CJH's contacts with Arkansas, weighs in favor of the exercise of personal jurisdiction.[2] CJH intentionally sought out an opportunity to conduct business in Arkansas by submitting a bid for the Livonia-North Little Rock contract, and it obtained Fairless's assistance in preparing the bid. And after UPRC awarded the contract to CJH, CJH granted Fairless, an Arkansas resident, exclusive subcontractor rights in connection with the contract. There is no question that CJH purposefully directed its activities at Arkansas, and the Court finds that the company's activities in connection

---

[2]It is immaterial that a portion of Fairless's claims concern work he performed outside of Arkansas. Fairless is not required to choose the forum with the most significant contacts as a matter of jurisdiction. *See Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 33 (8th Cir. 1973), *abrogated on other grounds by*, *Maybelline Co. v. Noxell Corp.*, 813 F.2d 901 (8th Cir. 1987), *as recognized in, Missouri Housing Dev. Com'n v. Brice*, 919 F.2d 1306, 1311 (8th Cir. 1990).

with the Livonia-North Little Rock contract were sufficient to invoke the benefit and protection of the state's laws.

As for the second factor, the quantity of contacts, there is no evidence of other instances where CJH bid on work to be performed in Arkansas. However the third factor, the relation of the cause of action to the contacts, weighs in favor of finding personal jurisdiction because a portion of Fairless's claims arise directly from CJH's contacts with Arkansas--specifically, claims that CJH breached and wrongfully terminated the exclusivity agreement.

As to the secondary factors, the interest of the forum state in the performance of contract within its jurisdiction and the interest in providing a forum for its residents is obvious, and nothing in the record indicates that it would be oppressively inconvenient for CJH to defend Fairless's claims in this district. In sum, the Court finds that it has personal jurisdiction over CJH.

**III. CJH's Motion to Transfer Venue**

CJH argues that venue is not proper in this district and that the case should be transferred to the Western District of Louisiana under the provisions of 28 U.S.C. §§ 1404(a) and 1406(a). The federal venue statute provides that an action brought in federal court based on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought. *See* 28 U.S.C. § 1391(a).

Fairless initiated suit in this district, alleging that a substantial part of the events giving

rise to his claim occurred in this district and that all defendants are subject to personal jurisdiction in this state. CJH moves for transfer under 28 U.S.C. § 1406(a),[3] declaring that "no part of the events or circumstances giving rise to the claim occurred in Arkansas but instead the majority of events and circumstances occurred in Louisiana with the remaining events in Illinois." Docket entry #21, at 12.

Fairless acknowledges that he seeks reimbursement for work he performed outside of Arkansas but notes that he also seeks relief for CJH's breach of its obligation to provide him the exclusive right to perform work in North Little Rock. In determining whether venue is proper, the Court must "ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994). In light of Fairless's claim that CJH breached the exclusivity agreement by denying him his bargained-for right to perform work in North Little Rock, the Court finds that this district has a substantial connection to Fairless's claim, and that venue is proper here.

CJH also seeks transfer under 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Eighth Circuit has recognized several factors that can guide a court's § 1404(a) decision. The "convenience" factors include: "(1) convenience of the parties; (2) convenience

---

[3] Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents; (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir.1997) (citations omitted), *cert. denied*, 522 U.S. 1029 (1997). The "interests of justice" factors include: "(1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflicts of law issues; and (7) the advantages of having a local court determine questions of local law." *Id.*

"Change of venue ... should not be freely granted," since courts "are in the business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties." *In Re Nine Mile Limited*, 692 F.2d 56, 61 (8th Cir.1982), *abrogation on other grounds recognized by, Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1311 (8th Cir. 1990). The Eighth Circuit has advised that "federal courts give considerable deference to a plaintiff's choice of forum and ... the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra*, 119 F.3d at 695.

In support of transfer, CJH simply alleges that the vast majority of witnesses with knowledge regarding the claims and defenses reside in Louisiana, and "the sources of proof (documents, inventory, etc) related to Plaintiff's claims are located in Georgia." The Court finds this conclusory statement insufficient to warrant transfer and that CJH has failed to convincingly establish that the alternate forum is more convenient.

**IV.  Motions to Dismiss for Failure to State a Claim**

UPRC and BNSF move to dismiss Fairless's unjust enrichment claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In deciding whether Fairless states a claim against the separate defendants, the Court must determine whether he has pleaded facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 1974.

Fairless alleges that he received numerous requests to perform individual jobs maintaining  UPRC property in Arkansas, Louisiana, Texas, and Mississippi and BNSF property in Texas, Oklahoma, Kansas, Colorado, Washington, Illinois, North Dakota, and Minnesota. According to Fairless, the requests "for each job either came directly from representatives of CJH or directly from [UPRC or BNSF] (as directed by representatives of CJH)."  First Am. Compl., ¶¶13, 15.   Pursuant to said requests, Fairless performed "numerous individual jobs" that resulted in "direct benefit to all Defendants, respectively."  First Am. Compl., ¶ 18.  CJH, as contractor, was responsible for submitting invoices to UPRC and BNSF for Fairless's work, and Fairless and CJH "were to divide the payment in accordance with agreed upon fee splits on each job . . . . " First Am. Compl., ¶ 21.  Fairless alleges that CJH received payment "for work

performed on behalf of CJH by Plaintiff" but failed to pay him for "all of the same." First Am. Compl., ¶ 23,

¶ 28.

Fairless alleges that he is due payment for numerous jobs he performed in various states, and the Court is without sufficient information to make a choice-of-law determination. However, regardless of which state's law applies, in order to succeed with an unjust enrichment claim, Fairless must show that the defendants were "unjustly" enriched–that they retained a benefit under circumstances such that retention without payment would be inequitable. *See El Paso Production Co. v. Blanchard ,* 371 Ark. 634, 646, 269 S.W.3d 362, 372 (2007)("In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain."); *Salzman v. Bachrach* 996 P.2d 1263, 1265-1266 (Colo., 2000)("In Colorado, a plaintiff seeking recovery for unjust enrichment must prove: (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying."); *People ex rel. Hartigan v. E & E Hauling, Inc*., 153 Ill.2d 473, 497, 607 N.E.2d 165, 177, 180 (Ill.,1992)("To recover under this theory, plaintiffs must show that defendant voluntarily accepted a benefit which would be inequitable for him to retain without payment."); *In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan., 2007)("The theory of unjust enrichment rests upon three elements: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit by the one receiving the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value."); *Edwards v. Conforto*, 636 So.2d 901, 903 (La.,1993)(listing

elements of unjust enrichment claim as (1) an enrichment to the defendant; (2) an impoverishment to the plaintiff; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of justification or legal cause for the enrichment and the impoverishment; and (5) no other remedy at law); *Interboro Packaging Corp. v. City of Minneapolis,* 2009 WL 2928755, 8 (Minn. App. Sept. 15, 2009)(listing elements of an unjust-enrichment claim as (1) a benefit conferred by the plaintiff on the defendant; (2) the defendant's knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit where it would be inequitable to retain it without paying for it); *Owens Corning v. R.J. Reynolds Tobacco Co.,* 868 So. 2d 331, 342 (Miss., 2004)(defining unjust enrichment as retention of a benefit which in equity and good conscience it should not be permitted to retain); *Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135, 138 (N.D., 1992)("The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value."); *N.C. Corff Partnership, Ltd. v. OXY USA, Inc*. 929 P.2d 288, 295 (Okl. App., 1996) ("Before a party will be entitled to recover for unjust enrichment, however, there must be enrichment to another coupled with a resulting injustice."); *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex., 1992)(stating that a party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage); *Dragt v. Dragt/DeTray, LLC*, 139 Wash. App. 560, 576, 161 P.3d 473 (2007)("Enrichment alone will not trigger the doctrine; the enrichment must be unjust under the circumstances and as between the two parties to the transaction.").

Fairless alleges no facts demonstrating that UPRC and BNSF were *unjustly* enriched as a

result of maintenance services he provided. In fact, Fairless alleges that CJH billed UPRC and BNSF for his work, that CJH received payment from UPRC and BNSF, and that CJH failed to pay him the entire amount due under the fee splitting agreement.[4] The railroad defendants assert, and the Court agrees, that requiring them to pay twice for the same services would be unjust, especially considering that Fairless alleges no facts showing inequitable conduct on the part of either defendant. In sum, the Court finds that Fairless fails to state a claim against UPRC and BNSF for which relief can be granted.

## V. Conclusion

For the reasons stated, it is hereby ordered that (1) Defendant CJH, LLC's motion to dismiss for lack of personal jurisdiction or for transfer (docket entry #20) is DENIED; (2) Defendant Union Pacific Railroad Company's motion to dismiss for failure to state a claim (docket entry #25) is GRANTED; and (3) Defendant Burlington Northern Santa Fe Corporation's motion to dismiss for failure to state a claim (docket entry #22) is GRANTED. Plaintiff's unjust enrichment claims against Union Pacific Railroad Company and Burlington Northern Santa Fe Corporation are DISMISSED WITH PREJUDICE, and these separate defendants are dismissed as parties. Plaintiff's claims against CJH, LLC remain.

IT IS SO ORDERED THIS 27TH DAY OF MAY, 2010.

---

[4]Fairless points out that he has not alleged that CJH was paid in full, leaving open the possibility that the railroad defendants paid only a portion of CJH's bills. However, in order to survive a motion to dismiss, the complaint must contain sufficient factual matter to state a claim that is plausible on its face. The mere possibility that the railroad defendants failed to pay CJH in full is not sufficient to overcome dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949-50 (2009).

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE