IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| JOHN FAIRLESS JR.<br>(d/b/a LXG, LLC), | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 09-2065 |
| CJH, LLC | )<br>)<br>) | |
| Defendant. | ) | |

## CONSENT JUDGMENT

Upon consideration of the parties' joint motion for entry of a Consent Judgment, the Court makes the following findings of fact and conclusions of law, and directs the Clerk to enter judgment against Defendant CJH, LLC and in favor of Plaintiffs in the sum of $125,000.00. The Court expressly retains jurisdiction through December 31, 2011, for the sole purpose of enforcing this order.

1. Defendant CJH. LLC admits that it failed to pay Plaintiff amounts due under the terms of an agreement between the parties to perform railroad maintenance work.

2. Judgment shall be entered against the Defendant CJH, LLC and in favor of the Plaintiff in the amount of $125,000.00.

3. Plaintiff and Defendant agree that the risk of using substantial resources for attorneys' fees and litigation costs in the trial of *John Fairless, Jr. d/b/a LXG, LLC v. CJH, LLC,* justifies immediately consenting to this judgment to best preserve their resources.

4.  Plaintiff and Defendant agree to bear their own respective attorneys' fees and litigation costs incurred to date.

5.  Joseph A. Hart, III, the principal owner of the Defendant, agrees to make and attach a sworn written statement about all business assets owned or possessed by the Defendant in the U.S. or any foreign country. Defendant agrees and acknowledges that this statement is being made for the benefit of Plaintiff and Plaintiff is relying on the same for the purposes of entering into this Consent Judgment and should such statement be inaccurate or fail to fully disclose all assets of Defendant, Plaintiff will suffer damages that cannot, at this time be reasonably ascertained or calculated. Therefore, in the event that the statement by Joseph Hart contemplated by this provision be inaccurate or fail to fully disclose all assets of Defendant as of the date of such statement (being a failure or inaccuracy of more than $10,000.00), it is agreed and ordered that Plaintiff shall be entitled to liquidated damages in the amount of $250,000.00.

6. Defendant CJH, LLC and its principal owner Joseph Hart show the Court that they are no longer engaged in the business of railroad maintenance and agree that they will not conduct, own or operate a railroad maintenance business in any form for a period of eighteen (18) months after the entry of this judgment. This provision of this judgment does not prevent Joseph Hart from acting as an employee, agent or contractor of other businesses engaged in the railroad maintenance business provided that Mr. Hart does not have any ownership interest in any such businesses.

7. This Consent Order constitutes the entire agreement between and among the parties, and no change or additional term shall have any force or effort unless written and signed by all parties or their authorized counsel and entered by the Court. No oral understandings, statements, promises or inducements contrary to the terms of this agreement exist.

8. In consideration of the monetary and non-monetary provisions of this Consent Order, Plaintiff and Defendant resolve their dispute and agree to dismissal of the claims with prejudice. Plaintiff further agrees that they hereby release and discharge any other claims which could have been brought relating to their pay, employment, or recruitment while employed by Defendant or which necessarily should have been brought as part of the claims asserted in this suit including any and all potential claims against Joseph A. Hart, III.

9. Upon complete satisfaction of the terms of this Consent Order, Plaintiff and Defendant agree to dismiss, by separate motion, all claims they may have against each other and any other party, known or unknown, arising from the subject matter of this litigation.

10. This Consent Order is to be construed and governed under the laws of the state of Arkansas and shall bind the parties and their respective heirs, estates, successors, assigns, and affiliates. If any provisions are determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect.

11. Respective counsel for the parties have express authority to enter into this Consent Order on behalf of their clients.

Having scrutinized the settlement and determined that the settlement is fair and reasonable, IT IS THEREFORE ORDERED that all foregoing terms and

conditions be, and the same are, hereby approved and incorporated fully into this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction for the sole purpose of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and hereby made the Order of this Court.

SO ORDERED this 25th day of October, 2011.

_____
SUSAN WEBBER WRIGHT
JUDGE, U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

Respectfully submitted and consented to this ___ day of September, 2011.

_____
M. Chad Trammell
Counsel for Plaintiffs
Ark. Bar No. 95125
The Trammell Law Firm, PLLC
418 North State Line Avenue
Texarkana, Arkansas 71854
tel: (870) 779-1860
chad@thetrammellfirm.com

_____
Daniel B. Snipes
Counsel for Defendant
Ga. Bar No. 665769
Franklin, Taulbee, Rushing, Snipes & Marsh, LLC
P.O. Box 327
12 Siebald St.
Statesboro, GA 30459
tel: (912) 764-9055
dsnipes@ftrsm.com